**YOUGOTTAEAT, INC., Plaintiff–Counter–Defendant–Appellant,**

v.

**CHECKERS DRIVE–IN RESTAURANTS, INC. and Kasheed Ahmad, doing business as Checkers Elmont, Defendants–Counter–Claimants–Appellees.**

**No. 03–7622.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2003.

Norman H. Zivin, Cooper & Dunham, LLP, New York, N.Y., for Appellant.

Kenneth A. Plevan, Skadden, Arps, Slate, Meagher & Flom, LLP, New York, N.Y., for Appellees.

Present: OAKES, POOLER, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant YouGottaEat, Inc. ("YGE") appeals from the May 1, 2003 judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *District Judge*) denying YGE's request for a preliminary injunction enjoining Defendants–Appellees Checkers Drive–In Restaurants, Inc. and Kasheed Ahmad, doing business as Checkers Elmont, (collectively "Checkers"), from using the slogan "You Gotta Eat" in their restaurants' promotional materials.

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. Generally, YGE is a small Internet business that provides discount coupons for restaurants through its website. Due to financial difficulties, its website was shut down during most or all of 2001 and 2002 and only resumed in late 2002 or early 2003. Checkers is the largest chain of double drive-thru restaurants in the United States, with approximately 800 restaurant locations operating under the brand Checkers or Rally's. In June 2000, Checkers, unaware of YGE's website, adopted a new slogan for its advertising campaign, "You Gotta Eat" (the "Slogan"). Before launching the new campaign, Checkers requested its outside intellectual property attorney to investigate the legal availability of the Slogan. Because the YGE business was not operational at that time, when the attorney went to YGE's web address he only received a generic error message.

On November 10, 2000, Checkers applied to the United States Patent and Trademark Office ("PTO") to register the Slogan. However, four months prior, YGE applied to the PTO to register its service mark "YOUGOTTAEAT." YGE's trademark application was granted on March 12, 2002. On June 27, 2002, the PTO informed Checkers that its application to trademark the Slogan was denied because it and YGE's marks were too similar. Checkers' attorney contacted YGE's attorney listed on its PTO application in an attempt to negotiate this issue but neither YGE nor its attorney responded. On August 26, 2002, Checkers initiated a PTO Cancellation Proceeding on the grounds that YGE had abandoned its mark. On February 13, 2003, YGE filed this lawsuit alleging trademark infringement and unfair competition under the Lanham Act and New York state law, and immediately moved for a preliminary injunction enjoining Checkers' use of the Slogan. The district court denied YGE's motion, finding that YGE failed to establish that it would prevail on the merits of its trademark claim.

This Court reviews a grant or denial of a preliminary injunction for abuse of discre-

tion. *TCPIP Holding Co., Inc. v. Haar Communications, Inc.*, 244 F.3d 88, 92 (2d Cir.2001). On appeal, this Court reviews the district court's factual findings in its order denying a motion for a preliminary injunction. Such findings are made pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, which provides that "[i]n all actions tried upon the facts without a jury ... the court shall find the facts specifically and state separately its conclusions of law thereon...." FED.R.CIV.P. 52(a). Here, the district court stated the following in denying YGE's preliminary injunction motion:

> After applying the *Polaroid* factors to the facts in the present case, this Court determines that Plaintiff has failed to make a showing that [Checkers'] continued use of the phrase "you gotta eat" in its advertising campaign will infringe [YGE's] trademark by causing consumer confusion.

This order failed to sufficiently set forth the factual basis for its denial of YGE's motion. Nonetheless, this Court may still proceed with our review despite inadequate factual findings if we can discern facts from the record to enable us to render a decision. *See Tekkno Labs., Inc. v. Perales,* 933 F.2d 1093, 1097 (2d Cir.1991). The district court failed to sufficiently set forth its factual findings. However, the basis upon which the district court acted is clear from the record. Thus, remand for a factual finding is not necessary.

The district court's order denying YGE's motion for a preliminary injunction was proper because YGE did not establish that it was likely to prevail on its trademark claims. In cases involving claims of trademark infringement under the Lanham Act, "as in other types of cases, a party seeking a preliminary injunction must demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Federal Express Corp. v. Federal Espresso, Inc.,* 201 F.3d 168, 173 (2d Cir.2000).

To prevail on its trademark claim, Plaintiff must demonstrate that its registered trademark (1) "is entitled to protection" and (2) that "defendant's use of the mark is likely to cause consumers confusion as to the origin or sponsorship of the defendant's goods." *Virgin Enter. Ltd. v. Nawab,* 335 F.3d 141, 146 (2d Cir.2003). In *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492 (2d Cir.), *cert. denied,* 368 U.S. 820, 82 S.Ct. 36, 7 L.Ed.2d 25 (1961), this Court "outlined a series of nonexclusive factors" in analyzing the second prong. Each Polaroid factor is addressed and applied below.

1. *Strength of the Mark:* A mark's strength refers to two concepts: (1) inherent strength or "inherent distinctiveness;" and (2) fame or "acquired distinctiveness." *Virgin,* 335 F.3d at 147. It is debatable whether "YouGottaEat" is inherently distinctive, as opposed to merely "generic, descriptive or suggestive as to [certain] goods." *Id.* The phrase, "You Gotta Eat" is a generic phrase that commonly appears in a variety of contexts, such as in article headings and in song lyrics. It is likewise debatable whether YGE's mark has acquired distinctiveness. Due to YGE's limited commercial success and short duration of operation, consumers are unlikely to associate YGE with its mark, "YouGottaEat." Accordingly, YGE possesses a weak mark.

2. *The Marks are Identical:* Although YGE's mark and the Slogan are highly similar, they are presented in different ways. The Slogan is used in conjunction

with the brand name Checkers and Rally's, and with their corresponding logo design (checkered tablecloth). YGE's mark is presented with the logo of a man wearing a sandwich-board placard. Although in some circumstances graphic differences are irrelevant, *see, e.g., Virgin*, 335 F.3d at 149, in this case YGE operates a website, which necessarily relies on its visual displays. Thus, because the visual differences between YGE's and Checkers' marks are significant, this factor is neutral.

3. *Proximity of the Products:* This factor weighs decidedly in Checkers' favor. This factor considers the "proximity of the products being sold by plaintiff and defendant under identical (or similar) marks.... When the two users of a mark are operating in completely different areas of commerce, consumers are less likely to assume that their similarly branded product comes from the same source." *Id.* at 149–50. Here, the two services at issue are considerably different. Checkers is a large drive-thru fast food restaurant chain while YGE operates a website that offers discount dining certificates.

4. *Likelihood of Bridging the Gap:* This factor refers to the "senior user's interest in preserving avenues of expansion and entering into related fields." *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 504 (2d Cir.1996) (citation omitted). The expansion must occur or be likely to occur in the "reasonably near future." *Virgin*, 335 F.3d at 150. Although YGE, financially strapped and unable to maintain even a website, asserts that it may consider franchising a restaurant chain under its name, this is not likely to occur in the reasonably near future.

5. *No Actual Confusion:* Actual confusion between the two marks at issue is highly unlikely. As discussed, Checkers and YGE are two very different establish-

ments, one is a restaurant chain while the other operates a small internet website. Consumers would not likely associate, much less confuse, the two marks at issue.

6. *Customer Base:* The parties do not share the same customer base because Checkers maintains fast-food drive-thru restaurants and therefore appeals to consumers seeking to purchase food immediately and often on a whim. By contrast, YGE users are people who go online, research restaurants and print discount coupons to be used at a later time.

7. *Good Faith:* YGE contends that Checkers' use of the Slogan was in bad faith because it had notice of YGE's website, and therefore was aware of its mark, "YOUGOTTAEAT," before it ran its first commercial on January 3, 2001. YGE, however, does not dispute Checkers' contention that when Checkers' attorney visited YGE's website, it was not accessible because YGE ceased operating the site at that time. Therefore, Checkers' reasonably ignored YGE's web address. In fact, Checkers exhibited good faith in this matter. It enlisted an outside attorney to conduct a trademark search and then attempted to negotiate its claims with YGE. Only when that proved unsuccessful, and upon independently determining that its use did not infringe on YGE's rights, did Checkers begin using the Slogan. Such measures indicate Checkers' good faith. *See, e.g., Lang v. Retirement Living Publ'g Co.*, 949 F.2d 576, 583 (2d Cir.1991) ("request for a trademark search and reliance on the advice of counsel" suggests a defendant's good faith).

The record below indicates that YGE was not likely to succeed on the merits of its trademark claim because it was unable to establish a substantial similarity between its mark and Checkers' Slogan. Accordingly, the Court hereby AFFIRMS

the district court's order denying the preliminary injunction.